UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

HONG VO,

Defendant.

Criminal No. 13-168-4 (JDB)

## MEMORANDUM OPINION & ORDER

Before the Court is [70] defendant Hong Vo's motion for reconsideration of [68] this Court's Order denying pretrial release. In June 2013, Judge Royce C. Lamberth granted the government's motion for pretrial detention under 18 U.S.C. § 3142(f)(2)(A) and denied Ms. Vo's motion for pretrial release. [ECF No. 52]. Ms. Vo renewed her motion, and after a hearing, this Court denied her renewed motion in September 2013. [ECF No. 68]. Ms. Vo now moves for reconsideration. Upon consideration of the defendant's motion for reconsideration, the government's opposition, and the entire record herein, the Court will deny the defendant's motion for reconsideration.

Neither the Federal Criminal Rules nor the Local Criminal Rules of this district explicitly provide for motions for reconsideration. Courts in this district, however, have entertained motions for reconsideration of interlocutory decisions, and "'the Supreme Court has recognized . . . the utility of such motions.'" United States v. Coughlin, 821 F. Supp. 2d 8, 17 (D.D.C. 2011) (quoting United States v. Ferguson, 574 F. Supp. 2d 111, 113 (D.D.C. 2008)). This Court thus assumes, as other judges in this district have, that it may consider a motion for reconsideration in a criminal case.

1

Judges in this district have applied the standard contained in Rule 59(e) of the Federal Rules of Civil Procedure to motions for reconsideration of final orders in criminal cases. United States v. Cabrera, 699 F. Supp. 2d 35, 40 (D.D.C. 2010); United States v. Libby, 429 F. Supp. 2d 46, 47 (D.D.C. 2006). To motions for reconsideration of interlocutory orders, however, they have applied the "as justice requires" standard normally applied to motions under Rule 54(b) of the Federal Rules of Civil Procedure. Coughlin, 821 F. Supp. 2d at 18; United States v. Bloch, 794 F. Supp. 2d 15, 19 (D.D.C. 2011); United States v. Sunia, 643 F. Supp. 2d 51, 61 (D.D.C. 2009). Ms. Vo's motion addresses an interlocutory pretrial detention order rather than a final order. Accordingly, the parties agree that Ms. Vo's motion should be assessed under the "as justice requires" standard.[1]

"[A]sking 'what justice requires' amounts to determining, within the court's discretion, whether reconsideration is necessary under the relevant circumstances." Cobell v. Norton, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). Those circumstances include when a court has "'patently misunderstood the parties, made a decision beyond the adversarial issues presented, [or] made an error in failing to consider controlling decisions or data, or [where] a controlling or significant change in the law has occurred.'" Arias v. DynCorp, 856 F. Supp. 2d 46, 52 (D.D.C. 2012) (quoting Negley v. FBI, 825 F. Supp. 2d 58, 60 (D.D.C. 2011)). But "where litigants have once battled for the court's decision, they should [not] be . . . permitted[] to battle for it again." Arias, 856 F. Supp. 2d at 52 (internal quotation marks and citation omitted).

---

[1] Courts may also reconsider prior bond determinations under § 3142(f)(2)(B) based upon new information bearing on pretrial release; this Court previously did precisely that when considering Ms. Vo's renewed motion for pretrial release. [ECF No. 68]. Because the parties do not address this standard, and because Ms. Vo does not present any new information bearing on pretrial release, the Court will not apply this standard to Ms. Vo's motion.

Ms. Vo does not contend that there has been a controlling or significant change in the law. She argues only that she has come into possession of new exculpatory evidence that undercuts the weight of the evidence against her. As an initial matter, to prevail on this motion for reconsideration, Ms. Vo would have to proffer some very compelling exculpatory evidence indeed. This Court previously found not only that the weight of the evidence against her strongly favors detention, but also that the nature and circumstances of the offenses charged and her history and characteristics favor detention. [ECF No. 68 at 3, 4, 7]; see § 3142(g).

In support of her motion, Ms. Vo relies on an interview of her co-defendant, Michael Sestak, in which Mr. Sestak stated that he never spoke with Ms. Vo regarding the visa fraud scheme and that, to his knowledge, Ms. Vo was not involved in the scheme. But Ms. Vo concedes that she was in possession of this information well before the September 13, 2013 hearing: the government provided it to her on August 16, 2013. Def.'s Mot. 1 n.1. Ms. Vo offers no reason why this information was not presented to the Court at the September 13 hearing.

What is more, this information hardly qualifies as exculpatory. "A single conspiracy may be established when each conspirator knows of the existence of the larger conspiracy and the necessity for other participants, even if he is ignorant of their precise identities." United States v. Tarantino, 846 F.2d 1384, 1392 (D.C. Cir. 1988). And "[a] single conspiracy is proven if the evidence establishes that each conspirator had the specific intent to further the common unlawful objective." Id. Ms. Vo argues that a single co-defendant's purported ignorance of her involvement in the conspiracy is dispositive, but the government has proffered substantial evidence that Mr. Sestak knew of "the necessity for other participants," even if he was "ignorant of their precise identities." Id. Several examples of evidence to that effect can be found in the sealed report submitted by Ms. Vo in support of her motion. [ECF No. 79]. That report also

contains evidence contradicting her assertion that Mr. Sestak was blind to Ms. Vo's involvement. [ECF No. 79 at 5]. As detailed in this Court's previous opinion explaining the denial of pretrial release, the government has also proffered substantial evidence that Ms. Vo "had the specific intent to further the common unlawful objective" of the conspiracy. Tarantino, 846 F.3d at 1392; [ECF No. 68 at 4-7]. Moreover, even if the statements cited by Ms. Vo were enough to disprove her involvement in the conspiracy, she has been charged with thirteen counts each of bribery and visa fraud. The government need not establish that Ms. Vo was a member of the charged conspiracy to prove the elements of those serious offenses.

Ms. Vo also argues that the arrest of her brother Binh Vo (another co-defendant) demonstrates that she could not successfully evade capture if she was released. But as this Court previously found, Ms. Vo has access to substantial assets overseas, lengthy experience living abroad, foreign language skills, and contacts in Vietnam. Even if Vietnam extradited Binh Vo to the United States, the lack of an extradition treaty between Vietnam and the United States injects uncertainty into any future extraditions. Mr. Vo also evaded capture for several months. Thus, Binh Vo's arrest does not significantly affect this Court's previous finding that Ms. Vo's history and characteristics favor pretrial detention.

Because Ms. Vo has not presented any information—let alone any new information—altering the weight of the evidence against her, and because Binh Vo's arrest does not significantly alter the Court's previous finding that Ms. Vo's history and characteristics favor pretrial detention, the Court will deny her motion for reconsideration. Upon consideration of [70] the defendant's motion for reconsideration, the government's opposition, applicable law, and the entire record herein, it is hereby

**ORDERED** that [70] the defendant's motion is **DENIED**; and it is further

**ORDERED** that defendant Hong Vo shall continue to be detained pursuant to 18 U.S.C. § 3142(e) pending trial.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: October 11, 2013