**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL No: 13-CR-168-4 (JDB)** |
| v. : | |
| : | |
| **HONG VO,** : | |
| : | |
| Defendant. : | |
| : | |
| : | |

# GOVERNMENT'S OPPOSITION TO
# DEFENDANT HONG VO'S THIRD MOTION FOR BOND

NOW COMES the Government, by and through counsel, and respectfully asks this Court to deny defendant Hong Vo's third motion for pretrial release based upon "changed circumstances." Because the motion presents no basis upon which the Court should reconsider its prior decisions regarding defendant Hong Vo's second bond motion and the Defendant's Motion to Reconsider Denial of Pretrial Release after that second bond motion, the motion should be denied.

## I.   BACKGROUND

On October 18, 2013, after the Court's order dismissing 26 of the 27 outstanding counts of the indictment on venue grounds, the government informed the Court that it would extend plea offers to the defendants in an attempt to resolve the case short of trial or re-indicting the case in another district. The defendant agreed not to object to the exclusion of the intervening time for speedy trial purposes, provided that the defendant's plea offer would not be affected by another bond motion by the defendant. The government agreed.

Thereafter, the government initially extended a plea offer to Hong Vo, which she quickly rejected and then, through counsel, proposed a counter-offer to one count of visa fraud in

violation of 18 U.S.C. § 1546 and in which she would take responsibility only for the documents that she personally participated in creating, rather than all of the fraudulent visas from the entire conspiracy. After careful consideration, on November 14, 2013, the government agreed to extend this plea offer to the defendant, although it was wired to co-defendant Binh Vo. On November 20, 2013, at counsel's request, the government agreed to unwire the plea from defendant Hong Vo's only remaining co-defendant. The defense has informed the government and the Court, through counsel, that she wishes to accept this plea offer. As a provision of the plea offer, the defendant must not object to her continued detention pending sentencing pursuant to 18 U.S.C. § 3143. The plea offer does not, however, prohibit the defendant from filing additional bond motions. On December 3, 2013, the defendant filed the instant motion.

## II.     ARGUMENT

The government's position regarding defendant Hong Vo's role in the visa fraud conspiracy remains the same. Nothing has changed with respect to the government's view of her involvement or culpability, or the government's representations in prior pleadings. From what the government can gather, it appears that the defendant is seeking the Court's involvement in an attempt to circumvent the provisions of the plea agreement that she claims she wishes to accept, but has not yet entered.

As evidence of "changed circumstances," the defendant points to the government's plea offer, which is consistent with her proposed counter-offer. In other words, the defendant argues: given how reasonable the government is with its plea offer, the Court should release the defendant. Plea offers involve careful consideration of a universe of factors, and the government is aware of no authority (and defendant cites none) in which a plea offer from the government has been considered evidence of changed circumstances for purposes of a bond motion.

Moreover, the defendant goes so far to say that even government's proposed statement of offense, which the government narrowly tailored <u>at the defendant's request</u>, is evidence that the government's view of the defendant has changed.  It has not.  The Court should not view the government's plea offer or the proposed statement of offense as evidence of any re-evaluation of the case against Hong Vo or the case for her detention.  To use the Court's own metaphor from a prior hearing, the defendant has baited the hook and cast the line, but again, the government asks that this Court decline the defendant's invitation to join plea negotiations – this time – by reading hidden meaning into a plea offer by the government.

Additionally, it is unclear to the government how the defendant practically expects the Court to grant her motion while still taking a position consistent with her acceptance of the government's plea offer.  Again, under the plea agreement, the defendant agrees that she cannot object to her continued detention pending sentencing pursuant to 18 U.S.C. § 3143.  Yet, the defendant states that her motion was filed "with the hope that it will be granted before the change of plea hearing and that the Court will thereafter deny any subsequent Government motion to incarcerate the defendant further."   Def. Mot. at 2.  Although perhaps not technically an objection to her continued detention after the plea (because she has not yet pled guilty), the defendant appears to be seeking an end-run around an unfavorable provision in the plea agreement that she otherwise plans to accept.  Again, the defendant has provided no basis upon which this Court should revisit its prior decisions regarding bond, and the Court should deny the defendant's request to do so.

### III.     CONCLUSION

WHEREFORE, the United States submits this opposition, and respectfully requests the Court to deny the defendant's third motion for bond.

                                              Respectfully Submitted,

                                              RONALD C. MACHEN JR.
                                              United States Attorney
                                              D.C. Bar No. 447889

By:     _____/s/_____
        CHRISTOPHER KAVANAUGH
        Assistant United States Attorney
        VA Bar 73093
        (202) 252-6977
        Christopher.Kavanaugh@usdoj.gov
        National Security Section
        555 4th Street N.W., 11th Floor
        Washington, D.C. 20530